898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, I, Plaintiff-Appellant,
v.
Raymond TOOMBS, Acting Warden; Carmen Palmer, R.U.M.;
Raymond E. Cotton, RN, Defendants-Appellees.
 No. 89-2230.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Carson Lynn Brown essentially complained that defendants violated his constitutional rights because the conditions of his confinement were degrading and humiliating. He complained that defendant warden harassed him through the grievance procedures and refused to correct the situation; that defendant Palmer denied him adequate clothing, shoes, linens, and health supplies; and that defendant nurse made false statements in his medical file. Brown further alleged that defendants treated him as they did because he is black.
 
 
 3
 Brown filed a motion for summary judgment to which defendants responded with a motion of their own. The district court determined that the alleged deprivations failed to meet the level of constitutional violations and granted summary judgment in favor of defendants.
 
 
 4
 Upon review we conclude that summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 293 (6th Cir.1984).
 
 
 5
 First, summary judgment was proper because no genuine issue of material fact exists. A genuine issue of material fact is one which will affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). While the moving party has no affirmative duty to present evidence showing no genuine issue of fact, the non-moving party must adequately respond to the assertion that no factual issue exists. Celotex Corp., 477 U.S. at 323-24.
 
 
 6
 In the present case, Brown supported his own motion with descriptions of the allegedly humiliating and inadequate conditions. Defendants' motion was supported by affidavits responding to Brown's claims. Importantly, for purposes of review of a grant of summary judgment, Brown did not respond to defendants' motion with additional affidavits establishing a genuine issue of fact. See 477 U.S. at 324.
 
 
 7
 Defendants are entitled to judgment as a matter of law because the alleged conditions, even if true, do not demonstrate conditions of confinement that offend "evolving standards of decency." See Trop v. Dulles, 356 U.S. 86, 100-01 (1958) (plurality decision). As stated by the Court in Trop, "[t]he basic concept underlying the Eighth Amendment is nothing less than the dignity of man." 356 U.S. at 100. However, conditions of confinement that are restrictive or harsh are not necessarily unconstitutional, but merely part of the penalty that criminal offenders must pay. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). See also Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987) (per curiam).
 
 
 8
 The conditions of Brown's confinement are not unconstitutional. First, he has failed to show the "unnecessary and wanton infliction of pain." See Rhodes, 452 U.S. at 346. Second, because he received medicated skin cream, visits from the prison mental health staff, and had an opportunity to bring medical complaints to the nursing staff, he has not demonstrated a deliberate disregard to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Moreover, Brown's argument that the conditions as a whole are unconstitutional is not well taken. A totality of the circumstances test does not apply to eighth amendment claims. Walker v. Mintzes, 771 F.2d 920, 925-26 (6th Cir.1985).
 
 
 9
 Defendants also are entitled to judgment as to Brown's equal protection claim. Brown asserted that defendants treat him the way they do only because he is black. Brown failed, however, to refute defendants' sworn statements that they treat all prisoners fairly, black and white. Moreover, Brown failed to allege facts showing that white prisoners are treated differently. See Easley v. University of Mich. Bd. of Regents, 632 F.Supp. 1539, 1542-43 (E.D.Mich.1986).
 
 
 10
 Finally, to the extent Brown sought monetary relief from the state defendants in their official capacity, the suit was properly dismissed. Defendants are not amenable to suit for money damages in their official capacity. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.